# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER J. QUEEN, et al., | ) | CASE NO. 5:16-cv-2262 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| HUNTER'S MANUFACTURING COMPANY, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the amended motion to alter or amend the judgment timely[1] filed pursuant to Fed. R. Civ. P. 59(e) by dismissed plaintiff Larry W. Faust, Jr. (Doc. No. 22 ["Mot."].) Defendant has filed its opposition. (Doc. No. 26 ["Opp'n"].)

Rule 59(e) motions may be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Crouch v. Honeywell Intern., Inc.*, 720 F.3d 333, 345 (6th Cir 2013) (citations omitted). Faust bases his motion solely upon prevention of manifest injustice, arguing that his claim, if dismissed, is now barred by the statute of limitations.

On April 14, 2017, pursuant to Fed. R. Civ. P. 21, the Court dropped several plaintiffs from this products liability lawsuit and dismissed their claims without prejudice, concluding that they did not meet the requirements for permissive joinder in Fed. R. Civ. P. 20(a)(1). (*See* Memorandum Opinion and Order, Doc. No. 13.) Faust now seeks an order of the Court severing his claim, rather than dismissing it without prejudice, and allowing him to proceed in the Court independently. He argues that, if dismissed, his claim would now be time-barred under Ohio's two-year statute of

---

[1] Rule 59(e) provides that a motion must be filed "no later than 28 days after the entry of the judgment." Faust's original motion was filed on May 12, 2017, and was subsequently amended. Defendant does not challenge its timeliness.

limitations because "the dismissal order was entered more than two years after [his] injury." (Mot. at 220.)

As properly pointed out by defendant in its opposition brief, Faust is a Michigan resident (Compl. [Doc. No. 7] ¶ 3) who was purportedly injured in Michigan on October 9, 2014 (*id.* ¶ 32) by a cross-bow manufactured by defendant, which is a Nevada corporation with its principal place of business in Ohio. (*Id.* ¶ 6.) Faust was treated for his injuries in Michigan. (*See* Doc. No. 12-1 at 166.) Michigan's statute of limitations for personal injury and product liability is three years, not two, as in Ohio. *See* Mich. Comp. Laws § 600.5805(10), (13). Defendant argues that Faust "has until October 9, 2017, to timely file his claims for personal injury in a Michigan court." (Opp'n at 235.) Therefore, dismissal of Faust's claim will not render it time-barred, as Faust can pursue his claim, if he chooses, in a Michigan state court.

Furthermore, although defendant is amenable to suit in Ohio on the basis of diversity jurisdiction, there is nothing in the record to suggest that Faust could meet the jurisdictional requirement of $75,000. His medical bills are noted to be $1,032.00. (Doc. No. 12-1 at 166.)

Accordingly, Faust's amended motion to alter or amend the judgment (Doc. No. 22) is **denied**.

**IT IS SO ORDERED**.

Dated: May 24, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**